**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **VISION BANK, etc.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 10-0316-WS-C** |
| | ) | |
| **BLUME CONSTRUCTION CO., INC.,** | ) | |
| **etc., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This matter is before the Court on the plaintiff's motion for summary judgment. (Doc. 31). The plaintiff filed a brief and evidentiary materials in support of its motion, (Docs. 32-34), the defendants declined the opportunity to respond, (Doc. 35), and the motion is ripe for resolution. After carefully considering the foregoing, the Court concludes that the motion is due to be granted.[1]

## DETERMINATIONS OF UNCONTROVERTED FACT

Defendant Blume Construction Co., Inc. ("Construction") executed a note in favor of the plaintiff, which matured March 12, 2010 without payment of all indebtedness thereunder. Defendants Denis M. Blume and Kathleen A. Keane entered separate continuing guaranties of the indebtedness under the note, which they have not satisfied. Construction is in breach of the note, and Blume and Keane are in breach of their guaranties.

The plaintiff has performed its obligations under the note and guaranties.

---

[1] The plaintiff's request to take motion for summary judgment under submission and enter ruling, (Doc. 36), construed as a motion, is **granted**.

The amount owing under the note and guaranties as of May 31, 2011 is $424,807.84.  Interest continues to accrue at a per diem rate of $167.73.

The note and guaranties require the defendants to pay the plaintiff's reasonable attorney's fees and costs in collecting the indebtedness.  The plaintiff has incurred such fees and costs, but the amount thereof has not been established.

## CONCLUSIONS OF LAW

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial."  *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991).  "If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made. [citation omitted] If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact."  *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993).  "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment."  *Clark*, 929 F.2d at 608  (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion ….").

"When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial. [citation omitted] In other words, the moving party must show that, on all the

essential elements of its case on which it bears the burden of proof, no reasonable jury could find for the nonmoving party." *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc) (emphasis in original); *accord Fitzpatrick*, 2 F.3d at 1115.

In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant …." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003).

"There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." *Resolution Trust Corp. v. Dunmar Corp*., 43 F.3d 587, 599 (11th Cir. 1995). Accordingly, the Court limits its review to those arguments the parties have expressly advanced.

Because Federal Rule of Civil Procedure 56(a) specifies that summary judgment may be entered only when the record evidence shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law, "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion." *United States v. One Piece of Real Property*, 363 F.3d 1099, 1101 (11th Cir. 2004). The quoted statement constitutes a holding. *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008). This rule does not allow a district court to enter summary judgment in favor of the plaintiff merely because the defendants have not opposed the motion for summary judgment. On the other hand, the Court's review when a defendant does not respond to a motion for summary judgment is less searching than when he does respond. "The district court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. [citation omitted] At the least, the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment." *One Piece of Real Property*, 363 F.3d at 1101. Should this review reveal the plaintiff's entitlement to

summary judgment, under *Dunmar* the Court will not consider any legal or factual arguments the defendants could have, but have not, asserted in opposition.

Count One alleges breach of contract (the note) against Construction. Count Two alleges breach of contract (the guaranty) against Blume. Count Three alleges breach of contract (the guaranty) against Keane. (Doc. 1 at 5-7).

"The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiff's performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." *Shaffer v. Regions Financial Corp.*, 29 So. 3d 872, 880 (Ala. 2009) (internal quotes omitted). The uncontroverted evidence shows the existence of a contract between the plaintiff and Construction; the plaintiff's performance under the contract by lending Construction certain sums; Construction's non-performance by failing to repay the borrowed sums and other amounts within the time and other terms set forth in the contract; and the plaintiff's resulting damage from Construction's non-payment. The uncontroverted evidence thus establishes all elements of the plaintiff's claim against Construction, and Construction offers no defense. The plaintiff is entitled to summary judgment as to this claim.

"Every suit on a guaranty agreement requires proof of the existence of the guaranty contract, default on the underlying contract by the debtor, and nonpayment of the amount due from the guarantor under the terms of the guaranty." *Delro Industries, Inc. v. Evans*, 514 So. 2d 976, 979 (Ala. 1987). The uncontroverted evidence shows the existence of two guaranties by Blume and Keane; Construction's default on the underlying contract; and non-payment by Blume and Keane. The uncontroverted evidence thus establishes all elements of the plaintiff's claims against Blume and Keane, who offer no defense. The plaintiff is entitled to summary judgment as to these claims.[2]

---

[2] The guaranties are by their terms continuing. "[T]o recover under a …continuing guaranty, an additional element, notice to the guarantor of the debtor's default, must be proved." *Delro Industries*, 514 So. 2d at 979. The plaintiff has not alleged or established notice to Blume and Keane of Construction's default. However, "[t]he language of the guaranty is
(Continued)

The complaint seeks recovery of attorney's fees and costs under each count. (Doc. 1 at 5-7). The plaintiff's brief refers to them, (Doc. 33 at 7, 10), and its evidence confirms that they have been incurred, (Doc. 32, Duncan Affidavit, ¶ 9), but the plaintiff has not established the amount of such fees and costs. Although unstated, it appears the plaintiff intends to seek such fees and costs post-judgment.

Rule 54(d) allows a claim for attorney's fees and related nontaxable expenses to be made by post-judgment motion "unless the substantive law requires those fees to be proved at trial as an element of damages." Fed. R. Civ. P. 54(d)(2)(A). "As noted in subparagraph (A), [Rule 54(d)(2)] does not … apply to fees recoverable as an element of damages, as when sought under the terms of a contract …." *Id.* 1993 advisory committee notes; *see also Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso, P.A. v. MedPartners, Inc.*, 312 F.3d 1349, 1355 (11th Cir. 2002) ("In this Circuit, a request for attorneys' fees pursuant to a contractual clause is considered a substantive issue …."); *Ierna v. Arthur Murray International, Inc.*, 833 F.2d 1472, 1476 (11th Cir. 1987) ("When the parties contractually provide for attorneys' fees, the award is an integral part of the merits of the case."). Accordingly, the Court will not enter any judgment in this case before the amount attorney's fees and related costs to be awarded is decided.

## CONCLUSION

For the reasons set forth above, the plaintiff's motion for summary judgment is **granted**. The plaintiff has established its entitlement to a judgment in the amount of

---

controlling in determining whether the holder of the guaranty is under a duty to notify the guarantor of a default by the principal, and notice need not be given when the terms of the guaranty expressly dispense with the need for it." *Sharer v. Bend Millwork Systems, Inc.*, 600 So. 2d 223, 226 (Ala. 1992) (applying the rule to a continuing guaranty). The guaranties here expressly dispense with the need for notice of Construction's default. The plaintiff thus was not required to plead or prove such notice.

$424,807.84 and to an additional award of pre-judgment interest beginning June 1, 2011 at the rate of $167.73 per day.  The plaintiff has also established its entitlement to recover its reasonable costs and fees, including attorney's fees.  The plaintiff is **ordered** to file and serve its proof of the amount and reasonableness of such additional sums, and any necessary briefing regarding the same, on or before **August 9, 2011**.  The defendants are **ordered** to file and serve any response on or before **August 23, 2011**.  The Court will take the matter under submission on August 23, 2011 and enter a supplemental order and final judgment thereafter.  The final pretrial conference set for October 11, 2011 is canceled.

DONE and ORDERED this 27th day of July, 2011.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE